1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                   NORTHERN DISTRICT OF CALIFORNIA

6

7    STEPHEN RUSSELL,                              Case No. 18-cv-06691-RS (AGT)

         Plaintiff,
8
                                                   **ORDER REGARDING DEPOSITION**
9        v.                                        **DISCOVERY DISPUTE**

10   NIR MAMAN, et al.,                             Re: ECF No. 188

         Defendants.
11

12

13          On September 4, 2020, Defendants Ryan Micheletti, Legion Industries, Inc., and Legion

14   Industries, Inc. d/b/a Shields Corps Security (collectively, "Micheletti/Legion") filed a unilateral

15   discovery letter brief in which they moved to compel Plaintiff Stephen Russell to sit for deposition

16   before the parties' upcoming settlement conference.[1]  ECF No. 180.  On September 8, Defendants

17   George Akkelquist and his business DFW Metroplex Training Academy ("DFW") filed a letter

18   brief in support of Micheletti/Legion's motion to compel Plaintiff's deposition prior to the

19   settlement conference.  ECF No. 182.  Later that day, Judge Seeborg referred all discovery

20   disputes in this case to this Court and ordered the parties to meet and confer and "prepare a *joint*

21   letter of not more than 5 pages explaining the [pending] dispute."  ECF No. 183 (emphasis added).

22   On September 16, in violation of that order, Micheletti/Legion filed a second unilateral letter brief,

23   captioned "First Discovery Letter Regarding the Motion to Compel Stephen Russell's Deposition

24   Because Plaintiff did not Cooperate in the Preparation/Submission of a Joint Letter."  ECF No.

25

26   [1] One hour later, Plaintiff's counsel filed a one-paragraph letter stating that due to a family
     medical emergency, Plaintiff would provide his portion of the letter brief by close of business on
27   September 8, 2020. ECF No. 181. Plaintiff's counsel further noted, presumably in response to
     Micheletti/Legion's assertion that "Plaintiff's counsel was asked to provide input [to the letter
28   brief] but repeatedly refused to do so," ECF No. 180 at 4, that defense counsel was apprised of
     Plaintiff's family emergency but chose file a unilateral letter brief anyway. ECF No. 181.

184.  Given counsels' inability to work together to accomplish the basic task of memorializing the

discovery dispute in a joint letter, this Court convened a telephonic discovery conference the

following day to address the concerning breakdown in professionalism and cooperation between

counsel.  ECF No. 185.  During the September 17 telephone conference, the Court admonished all

counsel to review and take seriously the Guidelines for Professional Conduct that apply to all

lawyers who practice in this District.  The Court further ordered counsel to meet and confer to

jointly draft (from start to finish in one continuous session) a single joint discovery dispute letter.

ECF No. 187.  On September 18, the parties filed their joint letter summarizing the pending

discovery dispute.[2]  ECF No. 188.  In a nutshell, and at the root of the conflict between the parties,

Micheletti/Legion and Plaintiff can't agree on who gets to conduct their deposition(s) first.

**A.      Background Relevant to Present Dispute**

Plaintiff initiated this action in November 2018 against non-moving Defendants George

Akkelquist, DFW, and Nir Maman and his corporation CT 707, for violations of the Racketeer

Influenced and Corrupt Organization Act and other federal and state laws for allegedly defrauding

him in connection with security services provided to him.  On February 5, 2019, after George

Akkelquist and Nir Maman learned that their alleged conduct was also the focus of an ongoing

federal criminal investigation, both individual defendants indicated that they would assert their

Fifth Amendment rights if this case was not stayed pending conclusion of the criminal

investigation.  *See* ECF Nos. 25, 25-1, 25-2.  Judge Seeborg denied the non-moving Defendants'

motion to stay,[3] ECF No. 63, and the government has given no indication to date that the related

---

[2]  While the joint letter is signed by counsel for all parties, as required by the Court, the Court interprets the instant dispute to be primarily between Plaintiff and Micheletti/Legion (the defendants who noticed Plaintiff's deposition and who now seek an order compelling that deposition).  The Court notes that the other named defendants in this case—Nir Maman, CT 707 Israeli Krav Systems, Inc. ("CT 707"), George Akkelquist, and DFW (collectively, "non-moving Defendants")—contributed two paragraphs to the joint letter in which they provide some background and refute certain assertions made by Plaintiff, *see* ECF No. 188 at 3, but they have not affirmatively requested any action or relief from the Court.

[3]  In the order denying the non-moving Defendants' motion to stay, Judge Seeborg found that "[n]either [Plaintiff's] requests for production of documents nor the document production and testimony in Federal Rule of Civil Procedure 30(b)(6) depositions from corporate defendants implicates Fifth Amendment rights," and he further held that "[n]ot only are corporate defendants barred from invoking the Fifth Amendment in response to discovery requests, but the individual

2

*United States District Court*
*Northern District of California*

1    criminal investigation has concluded, ECF No. 188 at 4.

2         In early February 2019, Plaintiff served deposition subpoenas on several non-parties,

3    including Ryan Micheletti.[4]  *See id.* at 1, 4.  In April 2019, Plaintiff and the non-moving

4    Defendants stipulated to a protective order governing discovery, which expired in July 2019.  ECF

5    No. 58.  Plaintiff added Micheletti/Legion as named defendants in October 2019.  ECF No. 98.

6         The parties attended a settlement conference in January 2020; the case did not settle and a

7    further settlement conference was scheduled for August 12, 2020.  ECF No. 188 at 2.  Plaintiff's

8    original counsel moved to withdraw in March 2020 and Plaintiff's current counsel filed notices of

9    appearance in May 2020.  *See id.* at 3, 5.

10        On June 19, 2020, Micheletti/Legion served a notice to take Plaintiff's deposition on July

11   19, 2020, but "[a]t the request of certain parties, the deposition did not proceed" on that date.  *Id.*

12   at 1–2, 8.  On August 5, 2020, the parties submitted a joint stipulation to continue their August 12

13   settlement conference by "60 to 90 days" because "Defendants contend that they need additional

14   time to take the deposition of Plaintiff and complete certain written discovery before engaging in

15   meaningful settlement discussions."  ECF No. 178 at 2.  Judge Seeborg granted the stipulation,

16   and the settlement conference was rescheduled to October 9, 2020.  ECF No. 179.  On September

17   29, 2020, the October 9 settlement conference was continued to December 3, 2020.  ECF No. 193.

18   **B.    Present Dispute**

19        According to Micheletti/Legion, after noticing Plaintiff's deposition, they "repeatedly

20   contacted Plaintiff's counsel to coordinate [deposition] scheduling" and for "two months, despite

21   multiple requests, Plaintiff failed to provide any dates."  ECF No. 188 at 2.  On August 21, 2020,

22   in response to Micheletti/Legion's final email request for Plaintiff's deposition availability,

23   Plaintiff's counsel sent the following email to counsel for all parties:

24              Plaintiff will be deposed only once in this action, and [counsel for Nir
                Maman and CT 707] has said the deposition cannot occur until after
25              he receives documents.

26

27   defendants may not invoke the right to block the requests."  ECF No. 63 at 4.

28   [4] For reasons that are unclear to the Court, it appears that Plaintiff took no action to secure Ryan
     Micheletti's deposition until August 2020.  *See* ECF No. 188 at 1, 5.

United States District Court
Northern District of California

1
2
3

> In addition, Plaintiff indicated more than a year ago that he would like to depose the Defendants who were named at that time, but they refused because they had invoked their Fifth Amendment right against self-incrimination. Those defendants must be deposed before Plaintiff.

4
5
6

> I request that counsel for Mr. Maman, CT 707, Mr. Akkelquist, and DFW provide deposition dates for their clients in early October. Plaintiff's deposition can occur only after those defendants have been deposed.

7   *Id.* at 14.  On August 25, counsel for Plaintiff, Micheletti/Legion, and the non-moving Defendants

8   met and conferred to discuss Plaintiff's deposition; Plaintiff's counsel proposed a timeframe of

9   November 5 through 13 for Plaintiff's deposition but "the fundamental dispute over priority could

10  not be bridged."  *Id.* at 2.  The flurry of unilateral discovery letters ensued, followed by the parties'

11  Court-ordered joint letter now pending before the Court.

12          Micheletti/Legion ask the Court to order Plaintiff to appear for deposition before the

13  parties' settlement conference (recently continued to December 3, 2020) "and/or to order the

14  deposition without Plaintiff's purported claim for priority."  *Id.* at 1.  Micheletti/Legion contend

15  that there is no deposition priority in federal court, and to the extent there was any priority, "it has

16  long since been waived by Plaintiff's lack of diligence" because he "has not noticed, requested, or

17  even asked [Micheletti/Legion] about their deposition until the last few weeks as this dispute came

18  to fruition."  *Id.* at 3.  Micheletti/Legion state that "Ryan Micheletti of Legion Industries is willing

19  to submit to a deposition," and has not invoked the Fifth Amendment to prevent his deposition.

20  *Id.* at 2.

21          Plaintiff counters that "the Court should order Defendants to provide deposition dates and

22  sit for deposition before they may depose Plaintiff" because Plaintiff "indicated more than a year

23  ago that he would like to depose Defendants."[5]  *Id.* at 4.  Plaintiff argues that

24
25
26

> Defendant's [sic] strategy is readily apparent.  Maman, Akkelquist and the other defendants—who have been hiding behind the 5th Amendment for the duration of this litigation—are trying to draft off Micheletti's request for a deposition in order to avoid having their

27

28

[5] The Court presumes that when Plaintiff refers to "Defendants," he means Micheletti/Legion and the non-moving Defendants.

4

depositions—which were requested more than 1.5 years ago—proceed before Plaintiff, which in a RICO case like the present case, would give any unscrupulous defendants the opportunity to "get their stories straight" before testifying.[6]

*Id.*  In the alternative, Plaintiff asserts that "the Court should order that Micheletti may depose Plaintiff before Micheletti is deposed but after the remaining defendants," because "Micheletti alone—not any of the other parties to this case—noticed Plaintiff's deposition followed by a request by Plaintiff on August 25 for all Defendants' depositions."[7]  *Id.*  Plaintiff declares that his deposition "absolutely cannot occur before November 5" due to his attorneys' schedules.  *Id.* at 5.

There is no legal precedent giving a party the right to demand discovery in a certain order (or withhold discovery from one party on account of a discovery dispute with another party).  The Federal Rules of Civil Procedure do not permit a party to make unilateral decisions regarding the sequence and timing of depositions during discovery.  Rule 26(d)(3) specifically states that "[u]nless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) *discovery by one party does not require any other party to delay its discovery*."  Fed. R. Civ. P. 26(d)(3) (emphasis added).  "Thus it is clear that Rule 26(d) abolishes the deposition priority rule of the past."  *Brady v. Grendene USA, Inc.*, No. 12-CV-604-GPC (KSC), 2014 WL 4925578, at *4 (S.D. Cal. Sept. 26, 2014); *see also Grateful Dead Prods. v. Sagan*, No. C-06-7727-JW (PVT), 2007 WL 2155693, at *1 (N.D. Cal. July 26, 2007) ("There is no priority in propounding discovery, and the fact that one party has not responded to discovery does not entitle an opposing party to refuse to provide discovery.").  Plaintiff's arguments regarding deposition priority are therefore rejected.  Equally unpersuasive is Plaintiff's factually-unsupported claim that ordering his deposition first would give "any unscrupulous defendants the opportunity to 'get their

---

[6] Micheletti/Legion claim that Plaintiff "has never provided notices of deposition for any Defendant other than Mr. Micheletti" and the non-moving Defendants similarly assert that "Plaintiff has never served a Notice of Deposition of a party" in this case.  ECF No. 188 at 3.  Plaintiff does not dispute these assertions.

[7] Relatedly, Plaintiff argues that Micheletti/Legion violated Civil Local Rule 30-1 by failing to meet and confer about dates for Plaintiff's deposition before serving the deposition notice.  ECF No. 188 at 4.  As a practical matter, this point is now moot given that parties subsequently met and conferred to discuss Plaintiff's deposition scheduling.  However, the parties and counsel are advised that future failure to comply with this District's Civil Local Rules may result in sanctions.

United States District Court
Northern District of California

1   stories straight' before testifying." ECF No. 188 at 4.

2          In sum, "neither [side] has presented an especially compelling argument for the proper

3   sequence of depositions; or a compelling reason why the parties could not resolve this dispute on

4   their own.  Nevertheless, someone has to go first." *Harris v. River Rouge Hous. Comm'n*, No. 11-

5   14030, 2012 WL 12930807, at \*3 (E.D. Mich. May 2, 2012).  Based on the Court's broad

6   discretion to dictate the sequence of discovery, *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998),

7   and after careful consideration of the facts and the parties' conduct, the Court orders that the

8   following depositions **occur in this sequence**: 1) Ryan Micheletti on **November 5, 2020**; 2)

9   Stephen Russell on **November 6, 2020**; and 3) the remaining non-moving Defendants whose

10  depositions Plaintiff has noticed (to be taken on consecutive dates and to be **completed by**

11  **November 20, 2020**).  All depositions are to occur by videoconference and shall begin promptly

12  at 9:00 a.m.[8]  **By no later than 5:00 p.m. on October 15, 2020**, counsel shall meet and confer by

13  **video** to determine the order and dates for the non-moving Defendants' depositions, pursuant to

14  the parameters above.  **By no later than 5:00 p.m. on October 16, 2020**, counsel shall notify the

15  Court of the mutually agreed-upon sequence and dates for the subject depositions in a **joint** email

16  to AGTCRD@cand.uscourts.gov.  If the parties are unable to agree on deposition sequencing and

17  dates, the Court will decide the order of the depositions by the flip of a coin and set deposition

18  dates between November 7 and 20, **which may include weekends and may be without regard**

19  **to potential conflicts in counsels' or the party-deponents' schedules**.

20                                              \* \* \*

21          On a final note, and as previously discussed during the September 17 telephonic

22  conference, the Court is disappointed by these experienced counsels' inability to cooperate with

23  each other in good faith to informally resolve this rudimentary discovery dispute.  The Court

24  frowns upon the parties' attempts to stonewall their opponents' efforts to secure dates for

25  depositions and no future unilateral discovery filings will be accepted on the grounds that counsel

26

27  _____

28  [8] The parties may choose to opt-out of the Court-ordered deposition sequencing, dates, and/or start
    time if they are able to amicably work out a schedule.  The parties may not deviate from any
    aspect of the Court-imposed schedule unless they first execute a joint written agreement.

United States District Court
Northern District of California

1    for one party disagrees with and refuses to incorporate another party's positions taken in their

2    portion of a joint letter.  This conduct is unacceptable and falls below the level of professionalism

3    that is expected of officers of the Federal Court.  Going forward, counsel must do better.

4          This Order resolves ECF Nos. 180, 182, 184, and 188.

5          **IT IS SO ORDERED.**

6    Dated:  October 7, 2020

7                                                                    _____
                                                                    ALEX G. TSE
8                                                                    United States Magistrate Judge

United States District Court
Northern District of California

7