United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN RUSSELL,<br><br>    Plaintiff,<br><br>v.<br><br>NIR MAMAN, et al.,<br><br>    Defendants. | Case No. 18-cv-06691-RS   (AGT)<br><br>**DISCOVERY ORDER REGARDING DOCUMENT WITHHELD ON FIFTH AMENDMENT PRIVILEGE GROUNDS**<br><br>Re: ECF No. 207 |

Plaintiff and defendants Ryan Micheletti, Legion Industries, and Shield Corps Security (collectively, "Defendants") filed a joint letter to address their discovery dispute concerning Defendants' refusal to produce a two-page document that Micheletti, the custodian of records of Legion and Shield, has withheld on Fifth Amendment privilege grounds. ECF No. 207. Plaintiff asserts that the disputed document is responsive to discovery requests issued to all three Defendants, so Micheletti, in his capacity as custodian of Legion's and Shield's corporate records, has no Fifth Amendment right to refuse to produce it. *Id.* at 1–2. Plaintiff therefore asks the Court to order Legion and Shield to produce the document at Bates Nos. 0696–0697. Having reviewed the parties' joint letter brief, as well as the document at issue *in camera*, the Court grants Plaintiff's request.

Defendants argue that the two-page document "is not responsive to any of the [document] requests sent to Legion and Shield." *Id.* at 2. This contention is baseless. Plaintiff issued 12 identical and 6 almost identical document requests to Micheletti, Legion, and Shield (*see* ECF No. 207-1 at 2–37), and during the parties' meet and confer exchanges, Defendants' counsel represented that the disputed document is responsive to 19 document requests to Micheletti, which are identical or almost identical to the 18 document requests issued to Legion and Shield (*see id.* at 40). Moreover, both Legion and Shield specifically identified the second page of the disputed

document (Bates No. 0697) as responsive to Plaintiff's RFP No. 7.  *See id.* at 17, 29.  Legion's and Shield's attempt to now argue that the document is not responsive is without merit.

Defendants' contention that Legion and Shield "have not refused to produce the two-page document because it is not their document to produce; it is a document of Ryan Micheletti" is also unpersuasive.  ECF No. 207 at 3.  As plaintiff points out, Micheletti is the Chief Financial Officer of Legion and Shield and one of the partners and co-founders, and therefore "Shield and Legion have a legal right to the document and—because corporations do not have Fifth Amendment rights—a corresponding obligation to produce it."  *Id.* at 2; *see Waymo LLC v. Uber Techs., Inc.*, No. 17-cv-00939-WHA (JSC), 2017 WL 2972806, at *2 (N.D. Cal. July 12, 2017) (holding that the corporate defendant "must produce responsive documents in the custody, control or possession of its officers[; defendant] cannot hide responsive documents simply because these officers' work for [defendant] was done using their personal email accounts, especially since they are all current [defendant] officers").

In short, and as Judge Seeborg has already made clear in this case:  "Not only are corporate defendants barred from invoking the Fifth Amendment in response to discovery requests, but the individual defendants may not invoke the right to block the requests.  'The custodian of corporate records may not interpose a Fifth Amendment objection to the compelled production of corporate records, even though the act of production may prove personally incriminating.'"  ECF No. 63 at 4 (quoting *Braswell v. United States*, 487 U.S. 99, 111–12 (1988)); *see also In re Twelve Grand Jury Subpoenas*, 908 F.3d 525, 531 (9th Cir. 2018) ("[T]here are no circumstances under which a records custodian may resist a subpoena for a collective entity's records on Fifth Amendment grounds.").

Legion and Shield are directed to produce the document at Bates Nos. 0696–0697 by **March 17, 2021.**

**IT IS SO ORDERED.**

Dated:  March 13, 2021

ALEX G. TSE
United States Magistrate Judge