JOY D. LLAGUNO (CA Bar No. 311867)
**HOOK & HOOK PLLC**
8383 Wilshire Blvd., Suite 935
Beverly Hills, CA 90211
Phone: 724-802-7144
Fax:    724-802-7959
Email: jllaguno@hooklaw.com

BRIAN D. WALLER (admitted *pro hac vice*)
**PECKER & ABRAMSON, P.C.**
1325 Avenue of the Americas, 10th Floor
New York, NY 10019
Phone: 212-382-0909
Email: BWaller@pecklaw.com

*Attorneys for Plaintiff Stephen Russell*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHEN RUSSELL,<br><br>    Plaintiff,<br><br>    v.<br><br>NIR MAMAN, et al.,<br><br>    Defendants.<br><br>―――――――――<br>NIR MAMAN, et al.,<br><br>    Third-Party Plaintiffs,<br><br>    v.<br><br>RONEN SHLOMO, et al.,<br><br>THIRD-PARTY DEFENDANTS. | CASE NO. 18-CV-06691-RS<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL THE DEPOSITIONS OF DEFENDANTS NIR MAMAN AND CT707 ISRAELI KRAV SYSTEMS, INC. AND FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*Declaration of Joy D. Llaguno, and [Proposed Order] filed concurrently herewith*<br><br>Date:  August 19, 2021<br>Time:  1:30 pm<br>Dept.: Courtroom 3, 17th Floor<br>Judge: Hon. Richard Seeborg |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on August 19, 2021, at 1:30 pm or as soon as thereafter as the matter may be heard in in this Court, Plaintiff Stephen Russell will and hereby does move for an order (1) compelling Nir Maman to appear for his continued individual deposition and the FRCP 30(b)(6) deposition of CT707 Israeli Krav Systems, Inc. and (2) for sanctions.

Plaintiff's Motion is based on this Notice of Motion and accompanying Memorandum of Points and Authorities, the Declaration of Joy D. Llaguno ("Llaguno Decl."), and all other pleadings and matters of record in this case. A proposed order is filed concurrently herewith.

Pursuant to Fed. R. Civ. P. 26(c)(1) and Local Rule 37-1(a), Plaintiffs certify that they have met and conferred in good faith with Defendant Maman's counsel in an effort to resolve the dispute without court involvement, but were unable to reach an agreement. The parties have met and conferred in person, by telephone and through email on May 27, 2021, June 14, 2021, June 21, 2021, June 25, 2021, June 28, 2021, and July 7, 2021, as set forth in the accompanying Declaration of Joy D. Llaguno.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. STATEMENT OF ISSUES TO BE DECIDED (Local Rule 7-4(a)(3))

1. Whether Defendant Nir Maman should be compelled to attend a deposition that was previously noticed and agreed to by the parties, both in order to conclude his individual testimony and to provide testimony as the 30(b)(6) corporate representative for Defendant CT707 Israeli Krav Systems, Inc. ("CT 707"); and

2. Whether sanctions are warranted for Maman's failure to appear for deposition and repeated efforts to obstruct discovery.

## II. INTRODUCTION

With discovery rapidly coming to a close in this case, Defendants Nir Maman and CT707 ("Defendants') have nonetheless refused to comply with their obligations under the Federal Rules and orders of this Court. Plaintiff has already sought and received aid from the Court in scheduling Mr. Maman for a deposition, but further relief is necessary because Mr. Maman has failed to appear to conclude his individual testimony, and to give 30(b)(6) testimony on behalf of Defendant CT707. Plaintiff has attempted to meet and confer with Defendants' counsel for *over seven months* to schedule the depositions, but Defendants have repeatedly refused to cooperate in good faith.

Defendants' continued evasion of their discovery obligations is an abuse of the discovery process and prejudicial to Plaintiff Stephen Russell, who is unable to complete discovery, and properly inform his expert witnesses before the close of fact and expert discovery. Plaintiff respectfully asks the Court for an order compelling Maman to appear for deposition, and for sanctions.

## III. RELEVANT FACTS

**A. The Court's Prior Discovery Orders**

On October 7, 2020, the Court entered its Order Regarding Discovery Dispute, which ordered the Parties to meet and confer by video to determine the order and dates of Defendants' depositions. *See* ECF 194. On November 25, 2020, the Parties filed its Joint Stipulation regarding the deposition schedule and on November 28, 2020, this Court entered an order granting the Joint Stipulation, indicating that the deposition of Defendant Maman would occur on December 1, 2020, and that the

FRCP 30(b)(6) deposition of CT707 would occur on January 14, 2021. *See* ECF No. 199, at 1.

Defendant Maman sat for his individual deposition on December 1, 2020. At the conclusion of that day, the parties agreed on the record that Mr. Maman's individual testimony would continue on a later date, on which day Mr. Maman would also offer 30(b)(6) testimony for Defendant CT707. *See* Llaguno Decl., ¶ 2, Exh. A (Dec. 1, 2020 Transcript of Deposition of Nir Maman, 266:18-268:2).

Plaintiff's counsel originally noticed CT707's deposition for January 12, 2021—a date which Maman had specifically agreed to. *See id.*, ¶ 3. The day before the deposition, on January 11, 2021, Defendant's counsel indicated Maman was ill and would not be appearing at the scheduled deposition. *See* Llaguno Decl., ¶ 3; Exh. B.

**B. Plaintiff Repeatedly Attempted to Meet and Confer, But Defendants' Counsel Failed to Respond in Good Faith.**

On January 26, Plaintiff sent an email to Defendants' counsel requesting an update on Maman's availability for the depositions, but received no response. *See id.,* ¶ 4; Exh. C. Plaintiff's counsel followed up with additional emails on January 27, and again on January 29. *See id.* In response, Defendants' counsel stated that Maman was still feeling ill but "may be ready to reschedule his deposition in the next two and a half weeks." *See id.,* ¶ 5; Exh. D.

On February 8, 2021, Plaintiff's counsel sent a follow-up email to Defendants' counsel inquiring into Maman's availability for Defendants' depositions. *See id.* ¶ 56 Exh. E. Defendants' counsel did not respond. *See id.*

On February 11, 2021, Plaintiff's counsel again sent an email to Defendants' counsel inquiring as to Maman's "health/ability to sit for the remainder of his individual deposition and as the 30(b)(6) representative for CT707."*Id,* at ¶ 7, Exh. E. Plaintiff's counsel stated that they would "prefer not to expend judicial resources by filing a discovery motion," but would "be forced to seek court intervention" without Defendants' cooperation. *Id.* On February 12, 2021, Defendants' counsel stated they would "get back to [Plaintiff's counsel] re Mr. Maman's availability for the depositions." *Id.*

On May 27, 2021, Plaintiff's counsel sent another email to Defendants' counsel requesting available dates for Defendants' depositions. *See id.* ¶ 8, Exh. F. Defendants' counsel did not respond

1  with available dates. *See id.* Thereafter, Plaintiff's counsel left telephone messages with Defendants'
2  counsel but received no response. *See id.* ¶ 9.

3  On June 14, 2021, Plaintiff's counsel sent another email to Defendants' counsel requesting
4  available deposition dates. In response, Defendants' counsel proposed the second week of July, but
5  did not provide specific dates. *See id.* ¶ 10, Exh. G. Plaintiff's counsel agreed to the second week of
6  July, and requested specific deposition dates, but again did not receive any response. *See id.*

7  On June 21, 2021, Plaintiff's counsel sent an additional email to Defendants' counsel
8  requesting dates for Defendants' deposition. Defendants' counsel again failed to respond. *See id.*, *at*
9  ¶ 11. Having received no response, on June 24, 2021, Plaintiff served the Amended Deposition
10 Notice for Maman's continued individual deposition and the 30(b)(6) deposition for July 8, 2021, as
11 counsel for Maman had proposed the second week of July. *See id.* ¶ 12, Exh. H. That same day,
12 Defendants' counsel informed Plaintiff of their intent to withdraw as counsel for Maman and CT707.
13 Defendants' counsel stated that they did not know whether Mr. Maman would be retaining substitute
14 counsel or would be proceeding *pro se*. *See id.*, ¶ 14.

15 On June 25, 2021, Plaintiff's counsel sent an email to Defendants' counsel—who still had not
16 withdrawn—to ask whether Maman would appear for the depositions noticed for July 8, 2021.
17 Receiving no response, Plaintiff's counsel followed up multiple times with Defendants' counsel on
18 June 28 and on July 7. *See id.* ¶ 15, Exh. I. On July 7, 2021, *the day prior* to the scheduled deposition,
19 Defendants' counsel stated that Maman would not be appearing for the noticed depositions. *Id.*, ¶ 15.

20 Although Defendants' counsel, Chong Roh and Jake Jung, represented that they intended to
21 withdraw as counsel over three weeks ago, they have not entered their withdrawal as counsel of record
22 with the Court. *Id.*, ¶ 17.

### IV. <u>ARGUMENT</u>

24 Defendant Maman's repeated obstruction of discovery is highly prejudicial to Plaintiff, who
25 has been deprived of the ability to meaningfully prepare his case for dispositive motions and trial.
26 Plaintiff was diligent in attempting to schedule Defendants' depositions, but Defendants refused to
27 respond in good faith. Defendants have attempted to evade appearing at the depositions for ***over six***

1  *months*, despite the Parties prior stipulation and the Court's Orders. *See* ECF 194, 199. Plaintiff served his expert designation and report pursuant to the July 15, 2021 deadline, but Plaintiff is undeniably disadvantaged by the absence of testimony by the Defendants who received over $1 million in fraudulently obtained sums.

Further, this episode is but the latest in a long series of Defendants' efforts to obstruct discovery and avoid giving deposition testimony. *See e.g.,* Llaguno Decl., Exhs. B-E (meet and confer efforts regarding Defendants' discovery responses). Plaintiff would have deposed Maman and CT707 years ago, but Defendants long held that they were invoking their Fifth Amendment rights, and would not testify. *See, e.g.*, ECF No. 194 at 3-4. This Court has already strongly warned the parties that it was disappointed in previous unwillingness to cooperate with basic discovery requirements. *See* ECF No. 194, at 6. Maman's disregard for that warning, and for the Federal Rules, warrants sanctions.

**A. Maman Should Be Compelled to Sit for Deposition as Soon as Possible.**

Fed. R. Civ. P 26(b) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The party resisting discovery "has the burden of clarifying, explaining, and supporting its objection." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998). "If a person is a party, a simple notice of deposition is sufficient to compel attendance" at a deposition under the federal rules. *Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010).

Here, Maman has made no effort whatsoever to show that he is not required to fulfil his basic duty to sit for a noticed individual deposition and 30(b)(6) corporate deposition on behalf of CT707. He makes no attempt to defend his conduct. Rather, he continues to prejudice all parties and this Court by failing to cooperate with Plaintiff's diligent efforts to schedule a date for further testimony. Plaintiff has been undeniably prejudiced by Defendants' continued evasion of their discovery obligations , especially in light of the discovery deadlines and fast-approaching trial date.

Maman's individual testimony and testimony on behalf of CT707 are absolutely critical to this case, as Maman was intimately involved in the scheme to defraud Plaintiff, and CT707 received in excess of $1 million in fraudulently obtained payments from Plaintiff. *See* ECF No. 98, ¶ 31. The

Court should not permit Maman's continued obstruction of the discovery process and compel Maman to appear for depositions as soon as possible.

**B. Maman's Conduct Warrant Sanctions.**

In addition to requiring Maman to attend the depositions, the Court should impose sanctions on Defendants for their misuse of the discovery process. A district court "has great latitude in imposing sanctions for discovery abuse." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996). The Court is empowered to issue sanctions for Defendants' conduct on multiple independent grounds.

If a party fails to appear for deposition after being served with proper notice, the Court has authority to make such orders as are just, including the issuance of monetary sanctions. *See* Fed. R. Civ. P. 37(d) ("[The Court] may, on motion, order sanctions if…a party…fails, after being served with proper notice, to appear for that person's deposition."). Under Rule 37(a), Federal courts also have the authority to sanction a party who "fails to obey an order to provide or permit discovery." *See* Fed. R. Civ. P. 37(d).

Further, a court may, at its discretion, impose sanctions against counsel pursuant to Rule 30(d)(2), 28 U.S.C. § 1927, or the Court's inherent power. Rule 30(d)(2) provides that a "court may impose an appropriate sanction—including reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2); *see also* 28 U.S.C. § 1927 (counsel's liability for excessive costs).

A court may also impose sanctions under its inherent power "for 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (quoting *Fink v. Gomez*, 239 F.3d 989, 991-93 (9th Cir. 2001)). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). Conduct that "impair[s] [an opposing party's] ability to go to trial or threaten[s] to interfere with the rightful decision of the case" similarly supports sanctions. *United States v. Kahaluu Constr. Co.*, 857 F.2d 600, 604 (9th Cir. 1988).

Here, the Court has already entered an Order obligating Maman and CT707 to appear at deposition. *See* ECF 199. Plaintiff's counsel attempted to meet and confer numerous times to accommodate Maman's appearance at the depositions. However, Defendants have repeatedly refused to respond in good faith. By frustrating discovery throughout the life of this case and especially after this Court's warning, Maman has crossed well into sanctionable territory.

In addition, under Rule 37(a)(5), if this Court grants this motion to compel, Maman is required to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Eclipse Grp. LLP v. Target Corp.*, Case No.: 15cv1411-JLS (BLM), at *9 (S.D. Cal. May 12, 2017). Plaintiff has incurred substantial cost in attempting to meet and confer with Defendants and for bringing this motion. *See* Llaguno Decl. ¶ 18. Plaintiff respectfully requests that the Court sanction Defendants for their abuse of the discovery process.

## **CONCLUSION**

Defendants' continued evasion of their discovery obligations should not be permitted by the Court. The testimony of Defendants Maman and CT707 is vital for Plaintiff to meaningfully prosecute his case against Defendants. Plaintiff respectfully asks the Court for an order compelling Defendants Maman to attend his continued deposition and the 30(b)(6) deposition of Defendant CT707, and for sanctions, including but not limited to the fees incurred in making this Motion.

Respectfully submitted,

Date: July 16, 2021

*/s/ Joy D. Llaguno*
Joy D. Llaguno (Pa. No. 327120)
HOOK & HOOK PLLC
430 East Oakview Drive, Suite 101
Waynesburg, PA 15370
Phone: 724-802-7144
Fax:   724-802-7959
Email: jllaguno@hooklaw.com

*Attorneys for Plaintiff Stephen Russell*