UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN RUSSELL,

    Plaintiff,

v.

NIR MAMAN, et al.,

    Defendants.

Case No. 18-cv-06691-RS   (AGT)

**ORDER DENYING DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING CONTEMPT**

Re: Dkt. No. 231

    Before the Court is defendants Legion Industries, Inc., Legion Industries, Inc. d/b/a Shields Corps Security, and Ryan Micheletti's (collectively "Micheletti/Legion") motion for an order requiring non-party Tara Walsh to show cause why she should not be held in contempt for failing to comply with a deposition subpoena. Their motion is denied without prejudice.

    On February 5, 2021, pursuant to Federal Rule of Civil Procedure 45, Micheletti/Legion issued a subpoena commanding Tara Walsh, residing at 394 Whippoorwill Road, Chappaqua, New York 10514, to appear for a remote deposition on February 26, 2021, at 9:00 a.m. "via Zoom."[1] Dkt. 231-1 at 2 (Subpoena). On February 6, 2021, a "licensed private detective" personally served the subpoena on Walsh's father at her Chappaqua, New York residence. *Id.* at 5 (Affidavit of Service). According to Micheletti/Legion, Walsh "initially agree[d]" to the February 26, 2021 deposition date, but then "failed to contact the counsels for Defendants to confirm her deposition" and ultimately failed to attend the Zoom deposition. Dkt. 231 at 2–3. Over four months later, Micheletti/Legion filed the instant motion seeking to enforce the subpoena.

    Rule 45 governs discovery of non-parties by subpoena. Under that rule, subpoenas are

---

[1] Micheletti/Legion claim that Walsh is plaintiff Stephen Russell's former girlfriend and "can testify to relevant facts and issues in the ongoing litigation as an eyewitness." Dkt. 231 at 2.

issued from the court where the action is pending, but challenges to those subpoenas, "including motions to hold a person in contempt for failure to obey a subpoena, are to be decided by 'the court for the district where compliance is required.'" *Webb v. Cty. of Stanislaus*, 2021 WL 1931507, at *1 (E.D. Cal. Apr. 30, 2021) (quoting Fed. R. Civ. P. 45(g)). For subpoenas seeking depositions of non-parties, the place of compliance must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The issuing court otherwise lacks jurisdiction to enforce the subpoena if compliance is required in another district. *See e.g.*, *Webb*, 2021 WL 1931507, at *1 ("Although this Court is the issuing court, the United States District Court for the District of Utah is the court for the district where compliance is required. . . . The Court therefore lacks jurisdiction to enforce the subpoena and will deny Plaintiffs' application [for an order requiring the non-party to show cause regarding contempt for failure to obey the subpoena] without prejudice."); *Chambers v. Whirlpool Corp.*, 2016 WL 9451360, at *3 (C.D. Cal. Aug. 12, 2016) ("[T]he court lacks jurisdiction to compel [non-party] to comply with the subpoena because the subpoena requires compliance in [another district]."); *First Am. Cinema, LLC v. Chicken Soup for the Soul Ent., Inc.*, 2021 WL 1526759, at *1 (C.D. Cal. Apr. 7, 2021) (same and collecting cases).

      Here, Micheletti/Legion assert that "the Subpoenas sought compliance in this district, however the request was made for Walsh to appear via Zoom from any location she desired."[2] Dkt. 231 at 4. The sole subpoena at issue here commands Walsh, who resides in Chappaqua, New York, to appear for a remote deposition by Zoom. Though this Court issued that subpoena, there is no indication that compliance is (or could be) required in this District, *see* Fed. R. Civ. P. 45(c)(1). Indeed, Micheletti/Legion appear to acknowledge that the place of compliance is not in

---

[2] It is unclear what "Subpoenas" Micheletti/Legion are referring to, given that there is only one subpoena at issue in the pending motion. To the extent Micheletti/Legion have issued any subpoenas requiring compliance in this District, those subpoenas are not currently before the Court.

this District, but rather in New York, where Walsh resides.  *See* Dkt. 231-2 (February 25, 2021 email from Micheletti/Legion's counsel to Walsh asking her if she would be attending her "deposition set for tomorrow [February 26] at *9:00 am eastern time (your time)* [] via zoom") (emphasis added).  Accordingly, the Court lacks jurisdiction to enforce the subpoena and denies Micheletti/Legion's motion without prejudice.

**IT IS SO ORDERED.**

Dated:  July 29, 2021

_____
ALEX G. TSE
United States Magistrate Judge

3