Brian D. Waller (admitted *pro hac vice*)
bwaller@pecklaw.com
Anthony J. Melon (admitted *pro hac vice*)
amelon@pecklaw.com
**PECKAR & ABRAMSON, P.C.**
1325 Avenue of the Americas, 10th Floor
New York, NY 10019
Telephone: (212) 382-0909

Attorneys for Plaintiff Stephen Russell

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHEN RUSSELL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NIR MAMAN, an individual; CT707 ISRAELI KRAV SYSTEMS, INC., an Ontario corporation; GEORGE AKKELQUIST, an individual; DFW METROPLEX TRAINING ACADEMY, a Texas entity form unknown; RYAN MICHELETTI, an individual; LEGION INDUSTRIES, INC., a California corporation; SHIELD CORPS SECURITY, a California entity form unknown; and DOES 4 Through 20, Inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No: 3:18-CV-006691-RS<br><br>**PLAINTIFF'S NOTICE OF MOTION TO QUASH A SUBPOENA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: March 3, 2022<br>Time: 1:30 p.m.<br>Judge: Hon. Richard Seeborg<br><br>Trial Date: April 18, 2022 |

PLEASE TAKE NOTICE that on March 3, 2022 at 1:30 p.m., or as soon thereafter as may be heard in Courtroom 3, 17th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Stephen Russell ("Plaintiff") will move this Court for an order quashing the January 19, 2022 deposition

subpoena served by Defendants Ryan Micheletti, Legion Industries, Inc. and Shield Corps Security (collectively "Defendants"), pursuant to Fed. R. Civ. P. 45.

Defendants' subpoena, which seeks to compel the deposition of Plaintiff's expert witness, Marc Botello, was served after the January 18, 2022 deadline to complete expert discovery and is therefore an improper attempt to circumvent the Court's discovery Order dated August 6, 2021.

Dated: January 26, 2022

PECKAR & ABRAMSON, P.C.

By: _____
Brian D. Waller, Esq. (admitted *pro hac vice*)
Anthony J. Melon, Esq. (admitted *pro hac vice*)
*Plaintiff STEPHEN RUSSELL*

ii

PLAINTIFF'S MOTION TO QUASH                                   3:18-CV-006991-RS

# MEMORANDUM OF POINTS AND AUTHORITIES

## FACTUAL BACKGROUND

On August 6, 2021, the Court so ordered a stipulation, jointly executed by the parties, extending all scheduling deadlines. *Exhibit A*. Expert discovery was to be completed by January 18, 2022. *Id.* The trial date is April 18, 2022. *Id.*

On January 19, 2022, *the day after the close of expert discovery*, counsel for Defendants emailed a subpoena to Plaintiff's counsel seeking to compel the deposition of Plaintiff's expert on February 17, 2022, *one month after the close of expert discovery. Exhibit B.*

Defendants have not moved to modify or extend the date for completion of expert discovery, which has already passed.

## ANALYSIS

### I.   PLAINTIFF'S MOTION IS TIMELY

"To excuse compliance, a motion to quash must be made before the production or deposition date identified in the subpoena." *Anderson v. Abercrombie & Fitch Stores, Inc.,* 2007 U.S. Dist. LEXIS 47795, AT *25, 2007 WL 1994059 (S.D. Cal. July 2, 2007) (*Exhibit C*); *see also Franco v. Alorica Inc.,* 2021 U.S. Dist. LEXIS 245906, at *9, 2021 WL 6104816 (C.D. Cal. Nov. 5, 2021) (*Exhibit D*). Here, Plaintiff's Motion has been filed well before the proposed deposition date and one week after the improper subpoena was served. The motion is therefore timely.

### II.  THE SUBPOENA WAS IMPROPERLY ISSUED TO CIRCUMVENT A COURT-ORDERED DISCOVERY DEADLINE

Assuming it was even proper to issue a subpoena to Plaintiff's expert,[1] "subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case." *Integra Lifesciences I, Ltd. v. Merck KgaA,* 190 F.R.D. 556, 561 (S.D. Cal. 1999). In

---

[1] District and circuit courts disagree as to whether Fed. R. Civ. P. 45 can be used to obtain discovery from a party, however, "[t]his court finds more persuasive the majority of cases concluding that Rule 45 subpoenas may, at least in some situations, be used to acquire documents from parties." *Bf&W Assocs. v. Motorola, Inc.,* 2006 U.S. Dist. LEXIS 114797, at *5 (N.D. Cal. Aug. 28, 2006) (footnote 4). *Exhibit E.*

*Rosado v. Alameida,* the Southern District of California summarized the extensive agreement between the federal courts: "[n]umerous courts have concluded that Rule 45 subpoenas should not be used after the discovery deadline to obtain documents that could have been obtained through discovery." 2006 U.S. Dist. LEXIS 105328, at *3, 2006 WL 8455351 (S.D. Cal. Dec. 18, 2006) (quoting *So v. 514 10th St. Assocs., L.P.,* 834 A.2d 910- 914-915 (D.C. 2003)) (*Exhibit F*); *see also FTC v. Netscape Communs. Corp.,* 196 F.R.D. 559, 561 (N.D. Cal. 2000).

The Court's August 6, 2021 Order established January 18, 2022 as the deadline to complete all expert discovery. The subpoena was served on January 19, 2022. Defendants did not seek an extension of the discovery deadline with the Court prior to the deadline passing and has not made any such application to date. Thus, the subpoena improperly seeks to extend expert discovery beyond the deadline jointly stipulated to by the parties and so ordered by the Court. The purpose of the revised discovery deadlines was to provide all parties with the time necessary to complete all remaining discovery. The subpoena seeks to compel the deposition of Plaintiff's expert witness on February 17, 2022 – nearly a month after the original deadline and *after* the deadline for the court to hear dispositive motions (February 3, 2022). The failure to comply with the discovery deadlines is a self-created harm for which Defendants are responsible.

Accordingly, Defendant's subpoena attempts to circumvent applicable discovery deadlines – an endeavor rejected by the precedent of this Court and by federal courts across the country.

## CONCLUSION

Based upon the foregoing, Plaintiff Stephen Russell respectfully submits that his Motion to Quash should be granted.

Dated: January 26, 2022      PECKAR & ABRAMSON, P.C.

By: _____
Brian D. Waller, Esq. (admitted *pro hac vice*)
Anthony J. Melon, Esq. (admitted *pro hac vice*)
*Plaintiff STEPHEN RUSSELL*

PROOF OF SERVICE

I hereby certify that on the 26th day of January 2022, I served a true and correct copy of the foregoing **PLAINTIFF'S NOTICE OF MOTION TO QUASH A SUBPOENA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** and **DECLARATION OF BRIAN D. WALLER** to all parties via the Court's CM/ECF System. The Notice of Electronic Filing (NEF) will be served on all parties by operation of the Court's CM/ECF system, and the parties may access the filing through the Court's CM/ECF system.

Dated: January 26, 2022            PECKAR & ABRAMSON, P.C.

By: _____
Brian D. Waller, Esq. (admitted *pro hac vice*)
Anthony J. Melon, Esq. (admitted *pro hac vice*)
*Plaintiff STEPHEN RUSSELL*