UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN RUSSELL,

    Plaintiff,

    v.

NIR MAMAN, et al.,

    Defendants.

Case No. 18-cv-06691-RS

**ORDER DENYING MOTION TO SET ASIDE JUDGMENT; GRANTING MOTION TO ESTABLISH COSTS**

## I. INTRODUCTION

This long running circus must finally be brought to an end. At present, Defendant Maman has filed a motion to set aside the final judgment and Third Party Defendants/Cross-claimants Ronen Shlomo and Bsecure have filed a motion to establish costs. Emblematic of Plaintiff Russell's persistent failure to adhere to deadlines in this case, he filed an opposition to Maman's motion twelve days after the court-imposed deadline, citing technical issues. In a footnote, he also forewarned that he will be bringing a subsequent motion to set aside judgment (almost seven months after he was first ordered to show cause why his claims should not be dismissed for failure to prosecute). While liberality is exercised with respect to pro se litigants, both Russell and Maman have abused that standard repeatedly. As such, the motion to set aside judgment is denied and the motion to establish costs is granted, and Russell's opposition will not be considered. These motions are suitable for disposition without oral argument, so the hearing currently set for November 16, 2023 is vacated pursuant to Civil Local Rule 7-1(b).

## II. BACKGROUND

The factual and procedural history of this case has previously been laid out in various orders. *See, e.g.*, Dkt. 261. However, a review of the parties' incredulous behavior since the beginning of this action deems repeating. Outlining their conduct is particularly relevant now to explain why the motion to set aside judgment is being denied. Russell is a wealthy businessman who brought this action against various security consultants and associated companies, insisting that they victimized him through a pattern of unlawful conduct and intent to deceive. He was under the impression that his life was in danger due to business arrangements he purportedly had in Russia and Ukraine. Defendants fueled his fears by representing that there were ongoing foreign security threats to his safety.

Russell filed a Third Amended Complaint in 2019 against Defendants, who are George Akkelquist, DFW Metroplex Training Academy, Ryan Micheletti, Legion Industries, Inc., Shield Corps Security, Nir Maman, and CT 707 Israeli Systems ("CT 707"), Maman's company. Russell averred 10 claims, including a claim under the Racketeering Influenced and Corrupt Organization Act (RICO), fraudulent misrepresentation, unfair competition, and intentional infliction of emotional distress, among others. Maman and CT 707 responded by filing a First Amended Counterclaim against Russell, averring breach of contract and related claims. Maman and CT 707 also filed a Second Amended Third Party Complaint, claiming breach of contract and related averments, against Shlomo and Bsecure, who were engaged as subcontractors to a security contract between Russell and Maman and CT 707. Third party defendants Shlomo and Bsecure filed a Cross-Complaint against Russell. Subsequently, DFW Metroplex Training Academic brought a motion for summary judgment against Russell, and Shlomo and Bsecure brought a motion for summary judgment as third party defendants against Maman and cross-complainants against Russell. Both motions for summary judgment were granted in an order dated February 11, 2022. Dkt. 261. Micheletti and Legion Industries, d/b/a/ Shields Corps Security, also filed a motion for summary judgment against Russell, which was denied. Dkt. 288, 301.

On April 20, 2023, a case management conference was held in which Russell did not appear. An order to show cause was therefore issued directing Russell to appear to explain why his

claims should not be dismissed for failure to prosecute. Russell was given until May 18, 2023, to respond, and failed to do so. A second order to show cause was issued following the initial missed deadline, with the generous understanding that Russell would appear pro se following the withdrawal of his attorney as permitted by the order issued on March 23, 2023. The second order to show cause extended the deadline for Russell to respond to June 1, 2023. Russell missed this second deadline, and his claims were dismissed for failure to prosecute.

Upon dismissal of Russell's claims for failure to prosecute, Shlomo and Bsecure filed a motion for entry of final judgment, given the disposition of their motions for summary judgment in Dkt. 261. After months of silence and inconsistent appearances by Maman and CT 707, a following order to show cause was issued, this time ordering Maman and CT 707 to show cause by August 25, 2023 why their first amended counterclaims against Shlomo and Bsecure should not be dismissed. Maman and CT 707 missed the court-imposed deadline, and a final judgment was entered on August 28, 2023 (1) for all Defendants on Russell's Third Amended Complaint; (2) for Shlomo and Bsecure against Maman and CT 707 on the latter's Second Amended Third Party Complaint; (3) for Shlomo and Bsecure against Russell on the Cross-Complaint for their cross-claims of breach of contract and indemnity; and (4) for Russell against Maman and CT 707 on the First Amended Counterclaim, due to a failure to prosecute. In the final judgment, Shlomo and Bsecure were ordered to file a motion to establish costs of defense, for which Russell would be liable under the indemnity clause of the relevant contract between Russell and Shlomo and Bsecure.

Following entry of final judgment, Maman emailed court staff, informing them that he had never received notification of the order directing him to show cause by August 25, 2023. Litigants are required to keep their information up to date with the court, which Maman had failed to do. Nonetheless, his emails were filed as a Motion for Reconsideration and he was permitted to file a motion to set aside judgment by September 28, 2023. Concurrently, Shlomo and Bsecure's motion to establish costs of defense, which was promptly filed upon entry of final judgment, was continued to allow Maman and CT 707 to file their motion to set aside judgment.

# III. LEGAL STANDARD

i. Relief from Final Judgment

Per Federal Rule of Civil Procedure 60(b), a party may move to seek relief from a judgment or order based on "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." Fed. R. Civ. Pro. 60(b)(1); (6). Rule 60(b) is "remedial in nature" and must be applied liberally. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The Supreme Court has articulated a test for excusable neglect in the context of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S 380, 394 (1993). This rule is "nearly identical" to 60(b)(1). *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1222 (9th Cir. 2000). The Supreme Court enumerated four non-exhaustive factors to determine whether a litigant's neglect is excusable, warranting relief from a judgment, including, "[(1)] the danger of prejudice to the [non-moving party], [(2)] the length of the delay and its potential impact on judicial proceedings, [(3)] the reason for the delay, including whether it was within the reasonable control of the movant, and [(4)] whether the movant acted in good faith." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. The Supreme Court also held that while "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence," there are other circumstances in which a litigant's failure to adhere to deadlines do not constitute excusable neglect. *Id.* at 394. Specifically, the Court held that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392.

ii. Attorneys' Fees

Once a court determines that a party is entitled to attorneys' fees, a court may calculate an award for attorneys' fees using the "lodestar" method. *Camacho v. Bridgeport Fin., Inc*. 523 F.3d 973, 978 (9th Cir. 2008). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id*. (citation omitted). The lodestar figure is a presumptively reasonable fee award. *Id*.

# IV. DISCUSSION

i. Maman's Motion to Set Aside Judgment

This case consists of numerous litigants, many of whom are either bringing or defending claims in some capacity. This tangled web necessitates litigants to appear at scheduled conferences or hearings, to avoid missing deadlines, and to file things in the correct format. These procedural rules have been treated as mere suggestions by Russell and Maman, who have repeatedly violated them. In point of fact, these rules are important because they safeguard judicial economy and costs to other parties and counsel.

Following entry of final judgment, Maman filed a motion to set aside judgment as to the counterclaim Maman filed against Russell, which was entered, *inter alia*, in favor of Russell against Maman and CT 707 for failure to prosecute. Maman argues that his failure to comply with the deadline set in the order to show cause was due to excusable neglect. He argues that the four enumerated factors in *Pioneer* weigh in favor of setting aside the judgement as to Maman's counterclaims against Russell. Maman is correct that the first factor, i.e. the danger of prejudice to Russell, weighs in Maman and CT 707's favor, because Russell has failed to appear multiple times in this action despite having been offered several opportunities to do so and has not shown that he would face any danger of prejudice if Maman and CT 707's motion is granted.

The second, third, and fourth *Pioneer* factors, however, weigh in favor of denying Maman's motion. The length of delay in proceedings is unjustified by Maman's motion, because fellow litigants have sought conclusion of this action since as early as December 2021, when Shlomo and Bsecure filed a motion for summary judgment as to Maman and CT 707's third party complaint. Dkt. 244. Maman, who was represented by an attorney at the time, did not file an opposition and represented that he did not oppose the motion. The motion for summary judgment was thus granted for Shlomo and Bsecure. Maman's attorney also filed a motion to withdraw, which was granted on February 25, 2022. Dkt. 263. In this order, Maman was advised to seek counsel by the upcoming case management conference scheduled for May 26, 2022. This was because the case, even at that point, had been pending for many years and proceedings could not continually be delayed, risking prejudice to the other parties in this action, due to Maman's

inability to find counsel. Despite this admonition, Maman failed to appear for a scheduling conference before the magistrate judge on April 21, 2022. Dkt. 265. Following this, his former attorneys were ordered to serve him with papers following their withdrawal. Dkt. 270. After showing up for one settlement conference, Maman then failed to respond when other litigants in this case contacted him for comments regarding their joint case management statement. Dkt. 276.

On April 19, 2022, Shlomo and Bsecure initially sought entry of final judgment, which was denied because the other claims in the action had yet to be resolved (including, as an example, Russell's central claims against Maman). However, because of other litigants' failure to adhere to scheduling orders or to appear at scheduled conferences, they have faced significant costs and delays. When, finally, a year and a half later, final judgment was entered on their request, Russell and Maman now suddenly have again popped up after having been given plenty of opportunities to do so previously. This kind of behavior is unacceptable and only adds credence to the notion that Maman never took this case and the court's time seriously. It confounds reason, for example, why Maman filed a Third Party Complaint against Shlomo and Bsecure, only to decide not to oppose their motion for summary judgment as to those claims. A party's failure to prosecute or defend its claims, when it has an opportunity to do so, serves only to waste the time and resources of the court and fellow litigants. Furthermore, the assigned magistrate judge has been forced to reschedule settlement and scheduling conferences repeatedly or has held them only to have necessary participants, including Maman, failing to appear. Maman has been accorded much patience and liberality through this case, and the danger of further delay in this action weighs in favor of denying Maman's motion.

The third factor also weighs against setting aside the judgment in this case. Maman attributes his failure to respond to the order to show cause to the supposed fact that he never received the order from the court's ECF system. However, litigants are obligated to keep their contact information up to date with the court. Even if we accept the idea that Maman was unable to do so, his former attorney was ordered to continue providing him with service of documents to ensure Maman would not miss any deadlines. Dkt. 270. Finally, as early as February of 2022,

following the withdrawal of his attorney, Maman was warned to hire new counsel as soon as possible to avoid prejudicing his fellow litigants, so was on notice that he was required to act quickly to avoid delaying the action. Had he done so when asked approximately 18 months before the order to show cause was issued, his new counsel would have been able to respond in a timely fashion.

Viewing Maman's current motion in light of his conduct throughout this action, it cannot be said that he now moves in good faith. Maman invokes *Meadows v. Dominican Republic*, 817 F.2d 517 (9th Cir. 1987) to support his motion to set aside the judgment. In that case, however, the court considered whether to set aside a *default* judgment. While the applicable rule is the same, the standard here must be higher. This is because Maman, unlike a party against whom default judgment is sought, has actually appeared in this case. Over the last five years, he has been given plenty of opportunities to litigate and defend against claims. As demonstrated above, he has often missed deadlines, failed to oppose motions seeking summary judgment against his own claims, and missed conferences. He has treated the court not as a serious litigant would, but as a guesthouse, where he can come and go as he pleases. His repeated "ignorance of [the court's] rules" do not constitute excusable neglect. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 392. The other parties in this case have gone months without hearing from Maman, racking up costs and wasting their time. This motion cannot be viewed in isolation of Maman's conduct over the five years this case has lurched along. His failure to respond to the order to show cause – after repeated warnings by the Court to remain in contact so that he could receive notifications of activity in the case – was not the result of "intervening circumstances beyond [his] control." *Pioneer Inv. Servs. Co.*, 507 U.S. at 388.

ii. Shlomo and Bsecure's Motion to Establish Costs of Defense

Shlomo and Bsecure have filed a motion to establish costs of defense as ordered on August 28, 2023. Pursuant to the indemnity provision, for which judgment was entered in Shlomo and Bsecure's favor, Russell is required to indemnify Shlomo and Bsecure against all costs and liabilities, including attorneys' fees and expenses, arising out of any claim or investigation by an

unaffiliated third party against them; in this case, claims raised in Maman's third party complaint.

Counsel for Shlomo and Bsecure provide detailed accounts for how much time spent litigating the case and their hourly rate to calculate the lodestar figure, i.e. the costs of defense. Counsel has also provided detailed invoices that show the fees billed to Shlomo and Bsecure to date. Counsel states that at least 713.6 hours were expended defending Shlomo and Bsecure from Maman's third party complaint. The award sought by Shlomo and Bsecure is $158,248.38, which results in an hourly rate of approximately $221.76 dollars. As both figures are reasonable given the length of this litigations and the hourly rate of attorneys in this district, this motion is granted.

## V. CONCLUSION

As noted at the outset, this regrettable litigation must at last come to an end. This circus must come to an end. Therefore, the motion to set aside judgment is denied, and the motion to establish costs is granted. In addition to the amounts outline in the order of final judgment, Dkt. 310, Russell is ordered to pay Shlomo and Bsecure $158,248.38 by February 29, 2023.

**IT IS SO ORDERED**.

Dated: November 14, 2023.

_____
RICHARD SEEBORG
Chief United States District Judge